I call the argument next in Advanced Access Content System Licensing v. Tau, 16-2057. Thank you. Whenever you're ready. May it please the Court. My name is Michael Sukor, and I represent Defendant Fang Tau. And we respectfully request that this Court vacate the District Court's orders because service was improper and because an injunction issued without any evidence of irreparable harm. Your opponent says you've waived the issue of service, but have you moved against the complaint? I mean, you've moved to open up, and you lost that. But if you did, you're allowed to appear, right? I'm sorry, Your Honor? You're allowed to appear? Yes. And if we – you want us to vacate the – but the judgment – there's no judgment actually entered. There's a clerk's judgment, but there's not a final judgment. That is correct, Your Honor. So if you were trying to appeal this from the clerk's judgment, that's not appealable order, is it? It's not a final judgment. The – the – The clerk's judgment is not a final judgment. That is correct. Is it? No. So I don't understand how you can appeal the – your claim of improper service when there's not a final judgment. You can appeal the injunction, but – because that's an order that's allowed to be appealed from, 1292. But I don't understand how you can appeal the service issue, a service issue which you arguably did not raise in front of the district court. Well, Your Honor, first, we did raise it in front of the district court, and the district court acknowledged it. I presume that you did raise it. I don't understand how you get to appeal it yet. Well – You have to appeal from a final judgment. Well, the – we were appealing the injunction, and the injunction issued from the – only issued because the email service order was issued. That doesn't fit under the collateral lawyer rule. Your claim on the injunction is that it's either overbroad, that there wasn't an appropriate showing for that. But you can't make a jurisdictional argument. A jurisdictional argument is reserved for a later time. Your Honor – No, I don't – why don't you wait just a second. So I don't understand how you get to make that argument now. There's been no hearing. There's been no – there's really no record established. You've got some interesting things to say about the hate convention and whether there was an adequate showing as to whether the address was known or not known or unknowable. But I don't understand how we're supposed to make a decision on an undeveloped issue for which there was no hearing in the court below. And you didn't seek to have a default withdrawn. You've never at any point done that. Right. Your Honor, we're here now, and there is – I don't care that you're here, sir. You have to have jurisdiction to be here. And so I'm telling you that I don't have the – I don't think I have the authority to do anything that you ask with regard to the service. Now, tell me why there's jurisdiction under 1291 or 1292 to decide the jurisdictional issue. Because I think it is a collateral issue and because there is nothing further that is going to be developed in the record. It's impossible. Will it evade review if you appeal from the final judgment? No. So it doesn't fit the collateral order rule. It doesn't fit it at all. It doesn't remotely fit it. But you've heard us talking in the last case about how when there is no jurisdiction, there's nothing we can do in a case that is really quite absurd. So, you know, we don't need to repeat all that. Tell us now what you want to tell us about the injunction because that we have jurisdiction to hear. And tell us – tell me specifically why the claims that you make with respect to third parties are right rather than something that if they may come up in the future, you can then go to the district court and say this injunction is overly broad and affects me. While at the moment, the argument can be made that there's nothing in that injunction that affects you overly broadly. Thank you, Your Honor. Turning to the issue of the injunction, an injunction may not issue absent evidence of irreparable harm. To date, advanced access has either been unwilling or unable to provide any evidence of harm, irreparable or otherwise. And this is despite it admitted five-year delay in bringing suit after defendant's product was on the market. And there's still no evidence of harm despite advanced access's repeated assertion that the injunctions that issued – That's because you say – now you're not making the overbroad. You're making the basic argument. And you say there is no presumption, automatic presumption after eBay. Correct. And you say there has to be market. But as I read eBay, while there is no automatic presumption, you don't necessarily have to have market data. You can have other indications of it and the not automatic presumption, but one can conclude, as the district court did here, that there is evidence of harm. Well, there has to be evidence, Your Honor. There can't just be argument. And there is not – isn't that a case where I'm saying that the evidence doesn't rise to the threshold? There is no evidence. And that's why the injunction should not issue. Thank you. Good morning. May it please the Court. Roxanne Elings for advanced access, the appellee. With respect to irreparable harm, the district court did rely on three pieces of evidence to come to that conclusion. The declaration of an employee, appellee's employee, that licensees depend on the integrity of the AACS technology and expect AACS to vigorously enforce its rights. It relied on a declaration of that DVDFab software shows unfettered infringement of copyright content through circumvention. And it relies on the fact that Feng Tao actually recognized the irreparable harm by threatening to provide DVDFab for free in order to destroy AACS's business if AACS did not agree to allow Feng Tao a certain period of exclusivity in putting out his technology to overcome. Did opposing counsel bring in evidence counter to that evidence or attack that evidence? There was no evidence below that countered that evidence. So your argument is this evidence might not be very strong, but it is enough on which a court, unless there is evidence to the contrary, could make that finding. Is that what you're saying? Well, especially at the preliminary injunction stage, right, the irreparable harm issue. And I believe that the district court found that the very viability of AACSLA's business was threatened and that the inability to prevent circumvention would eviscerate its business. Damages will be inadequate, rendering the actual and imminent likelihood of irreparable harm to be great. The court did not presume irreparable harm. The court, even though they relied on a case that may have predated the copyright, where copyright stated that you could not presume. eBay. eBay, thank you. But what they did was they relied on another anti-circumvention case which never presumed irreparable harm. So, you know, that clearly wasn't presumed and he went on to find it based on the facts of record. And when defendant came in, Mr. Tao came in to. Is that what this court did in Salinger? To not have a presumption but found enough facts to be that, is that? Yes, Your Honor. But there is no. It used to be that if you found likelihood of success. Yeah. Right. That was enough, but it isn't. You know, it is that the statute itself, I have it here somewhere. The DMCA statutory scheme itself recognizes that violation of intellectual property rights frequently causes irreparable harm. And where statutes in substance so provide injunctive relief is appropriate if there is a reasonable likelihood of future violations absent such relief. And in cases brought by private plaintiffs, if the plaintiff lacks an adequate remedy at law, and that's in Remeritus. I think in this case, the court clearly found that defendant, Mr. Tao, had continued to violate the injunction. In fact, there's yet another motion before the court, the lower court, for contempt. Mr. Tao, to this day, continues to violate the injunction. So I believe that preliminary injunction would be the only way. The scope of the injunction, to touch on that just a moment, I think it's clear that he doesn't have, I believe he doesn't have standing to speak for third parties. Third parties are the court in the injunctive relief. Well, he says that the actions of the third parties affect him directly, and that that's his harm in standing. So the court recognizes two exceptions to the limitation on asserting legal rights or interests of third parties. One is the litigant's interests are closely allied with those of the third parties. I don't believe that his being affected by that third party fits into that category. That's where he has a close alliance with the third party service providers, and they provide services to millions of entities and individuals. I don't see that as an exception. The other exception is that third parties are unable, if they're unable to assert their own rights, and there's been no proof that these third parties are unable to assert their own rights. I think NML, this court's decision in NML capital versus Republic of Argentina fits these facts exactly in that case. As well, the injunction may have put third parties on notice, but it did not enjoin those third parties. It's merely a notice, and those third parties would be allowed to come in. And I take it that what I understand Mr. Tao is objecting to is third parties outside the United States. And this court recognized that in the preliminary injunction, he needed to issue it to maintain the status quo. And he understood that he does not have authority to enjoin actions wholly outside the United States. But he found that the record clearly established that defendants staunch refusal to comply with the terms of the preliminary injunction. He found that the preliminary injunction may incidentally prescribe certain lawful conduct. It is necessary and appropriate in the public interest, and that's from Philip Morris versus Auto Media. So in conclusion, we believe the district court did not abuse its discretion in entering the preliminary injunction and finding irreparable harm. Thank you.  Thank you, Your Honor. With regard to the irreparable harm issue, advanced access has pointed to three alleged pieces of evidence, but none of them show harm. They might be evidence of something, but they are not evidence of harm, much less irreparable harm. There is no reason that going forward during a regular trial schedule would cause irreparable harm to advanced access. All of the injunction was issued ex parte. Your Honor had asked whether we submitted evidence that contradicted it. It was impossible. We were not there. So— Wait a second. You weren't there, but it's not as if people didn't know that a proceeding was going on. This wasn't done in the dark of night. There's a question about the appropriateness of service. I get that. But your client himself admitted that he had received service, what, March 17th or something like that? The initial preliminary injunction was issued before that. I get that. But the later applications were well after his own admitted awareness of the proceeding, were they not? That's a long question, but I think the answer is yes. I think it's important to keep in mind that 11 days before the first injunction, before the first hearing, the advanced access sent an e-mail in English only to the defendant in China. And that's how this case started. Eleven days later— Is that China? I'm sorry? Is that China? No, sir. There was a preliminary injunction. But the permanent injunction, the thing that is before us now, it occurred later, did it not? Yes. Is there any argument by your client that he didn't know of those proceedings? He could have appeared in those protesting the lack of service and reserving that and made arguments, put in evidence, couldn't he have? Well, my client did protest service in the motion to set aside the default, and the court acknowledged that. On a jurisdictional ground, not on a notice ground. No, on a service ground. You didn't hear what I said. I'm sorry? On a jurisdictional ground, not on a notice ground. He said that the service was inadequate to give the court jurisdiction. He did not say that it was inadequate to give, that it didn't give him notice. I don't know that he made that distinction. Yes, he did. He never said a word about notice. He said service by email is not allowed in China. That's what he said. He never said I didn't know about it. He acknowledged that he was aware of it two days after the email. I agree that he acknowledged that he was aware of it. He never made a notice argument. But saying service by email is not appropriate in China. I understand that. I agree with you that that may be a jurisdictional issue, but it's not a notice issue. There's a difference. Okay. And a jurisdictional issue can be raised later, as Judge Wesley pointed out. The question is, was there notice because of which, at the injunction stage, your client could have traversed the alleged evidence of harm? There was not sufficient notice. If there wasn't enough evidence of harm, then it doesn't need to be traversed. But if there was evidence that, untraversed, the district court could have held was enough, even though it wouldn't have been enough had you come in and shown that it wasn't enough, then the district court could act under its discretion. So the question we have to have, we have to look at, is given that you could come in and didn't, was what was allegedly harm sufficient on its own to constitute harm? And you may be right that it isn't, or you may be wrong, but that's the question. Am I wrong? That is the issue of irreparable harm is exactly what we're saying, that on its face, it is not enough. We say that these advanced accesses is some of the largest companies in the United States. They certainly had the ability to bring the evidence if it was there, and they chose not to. Thank you very much. Thank you very much. As I said, United States of America v. Bermudez-Arsenagas is on submission. And we'll reserve decision as to that as well, and I'll ask the clerk to adjourn court. Court is adjourned.